HARDIMAN, Circuit Judge,
dissenting in part.
I join the panel’s opinion except that I disagree with my colleagues’ decision to vacate and remand for a redetermination of Safarian’s employment status under the Fair Labor Standards Act. In my view, the record supports the District Court’s conclusion that Safarían is not an employee of American DG Energy Inc. (ADG) for purposes of federal law.
In the seminal case of Rutherford Food Corp. v. McComb, the Supreme Court explained that “the determination of the [employment] relationship does not depend on ... isolated factors but rather upon the circumstances of the whole activity.” 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947). To help courts in making the employment-status determination, we enunciated six factors:
1) the degree of the alleged employer’s right to control the manner in which the work is to be performed; 2) the alleged employee’s opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee’s investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer’s business.
Martin v. Selker Bros., 949 F.2d 1286, 1293 (3d Cir.1991). After articulating these six factors, we explained that “[t]here is ho single test to determine whether a person is an employee or an independent contractor for purposes of the FLSA.” Id. We further cautioned that “neither the presence nor the absence of any particular factor is dispositive.” Id.
Here, the District Court noted many of the facts germane to the Martin factors in the background section of its opinion. For example, the District Court noted that Sa-farían is an engineer who worked for ADG five days a week for over three years and was told by ADG where to go and what services to perform. The Court also indicated that Safarían was supplied materials by ADG and was paid by ADG through Multiservice Power, Inc. — a company Safa-rían owned. See Safarian v. Am. DG Energy Inc., 2014 WL 1744989, at *1 *154 (D.N.J. Apr. 29, 2014). The Court then observed several key facts about Multiser-vice, namely, that it billed ADG by invoice, had its own insurance, hired its own accountant, filed payroll, taxes for Safarían, owned its own company vehicle (that Safa-rían used), and took advantage of various small business benefits. Id. Finally the Court discussed some statements Safarían made concerning his employment status in response to a tax issue and two offers of employment from ADG. Id.
In its analysis section, the District Court began by rightly noting that the totality of the circumstances and the Martin factors determine whether a worker is an employee or an independent contractor. Id. at *2-*3. Though the Court acknowledged that some facts favor each side, it found that Safarían benefitted from the structure of his relationship with ADG — by, for example, claiming certain deductions on Mul-tiservice’s taxes — and thus was an independent contractor.
According to the majority, the Court’s analysis was overly formalistic. I disagree. Seven decades of precedent emphasize a flexible, totality-of-the-circumstances employment-status inquiry; or, in other words, exactly the type of analysis conducted by the District Court.
The majority’s principal criticism of the District Court is that it didn’t rely on the Martin factors. As noted above and further explained below, I don’t think it’s necessary for a court to organize its analysis according to the Martin factors. But even if, such organization were required, the District Court’s opinion passes muster for the reasons that follow.

1.Control

The District Court touched on this factor when it noted that Safarían is an engineer and that ADG told Safarían where to go and what services to perform. Safari-an’s technical-expertise meant that he had a certain amount of discretion, even though ultimate decisions' concerning his work were made by supervisors at ADG.

2. Opportunity for Profit or Loss

The second factor weighs in favor of Safarían because, as noted by the District Court, he was paid (through invoices to Multiservice) on an hourly basis rather than by each project he worked on.

3. Investment in Equipment and Helpers

This factor cuts in ADG’s favor because Multiservice owned various pieces of equipment that Safarían sometimes used when working for ADG, and Safarían then claimed deductions on Multiservice’s taxes for depreciation of that equipment. Though not mentioned by the District Court, it is undisputed that Safarían occasionally brought his nephew to ADG jobs as a helper and then billed ADG (through Multiservice) for his nephew’s work. App. 291, 302, 351-55.

L Special Skill

Engineering is a profession that requires special skills, as indicated by Safa-rian’s undergraduate degree in nuclear science and nuclear engineering and his professional license to work on gas turbine engines of unlimited horsepower. App. 283-84. Though the District Court only mentioned that Safarían was an engineer, it was sufficient shorthand for conveying the fact that he had special skills, especially when noted in conjunction with his work • installing and servicing complex cogeneration systems.

5. Permanence

The District Court observed that Safarí-an worked for ADG for over three years.

6. Integral to Business

Finally, the District Court noted that ADG is in the utility business and that *155 Safarían serviced and installed ADG’s systems. Though the District Court could have described in more detail how Safari-an’s work was integral to ADG, that would have been unnecessary (as indicated by ADG conceding this factor on appeal).
While the District Court elucidated facts supporting an analysis under the Martin test, it candidly stated that “the question of employment status is far from straightforward,” Safarian, 2014 WL 1744989, at *3, and then discussed facts that don’t neatly conform to Martin’s analytical framework. In my view, two facts make this case exceptional enough to justify departing from a rigid application of the Martin factors in order to better reflect the economic realities of the relationship.
First, Safarian’s employment by Multi-service while performing work for ADG is unique.[1] In fact, neither Safarían nor the majority can point to a single decision where a court said that the business organization of an alleged employee is irrelevant in determining employment status under the FLSA. There was thus nothing improper about the District Court looking to the benefits Safarían received by performing work for ADG through Multiser-vice — all the District Court did was force Safarían to “take the bitter with the sweet.” Arnett v. Kennedy, 416 U.S. 134, 154, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (plurality opinion). The Tenth Circuit when confronted with a similar situation adhered to a common sense analysis that is more faithful to Supreme Court precedent than the majority’s approach here. See Barlow v. C.R. England, Inc., 703 F.3d 497, 506 (10th Cir.2012) (considering the implications of a worker performing services for the alleged employer through a company that the worker owned). The Supreme Court has also indicated that this consideration is legitimate. See Rutherford, 331 U.S. at 730, 67 S.Ct. 1473 (“The group had no business organization that could or did shift as a unit from one slaughter-house to another.”).
The second unique feature of this case is that Safarían is an educated professional who was highly compensated — to the tune of almost $600,000 during his three-plus years with ADG. If the central concern of the FLSA is preventing employers from taking advantage of a monopsony, see Sec’y of Labor v. Lauritzen, 835 F.2d 1529, 1542 (7th Cir.1987) (Easterbrook, J., concurring), then applying its protections to Safarían would be anomalous to say the least. Moreover, while performing work for ADG, Safarían turned down an employment offer that apparently would have paid well into the six figures.
For the reasons stated, I join the panel’s opinion in all respects except that I would affirm the judgment of the District Court on Safarian’s FLSA claim.

. The District Court expressly discussed the benefits Safarían obtained from working for ADG through Multiservice, noting, for exam-pie, that Multiservice claimed certain tax deductions.